**Alejandro BAEZ–OROZCO, Petitioner,**

v.

**Loretta LYNCH, Attorney General, Respondent.**

**No. 13–71152.**

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 11, 2015.*

Filed Dec. 17, 2015.

Elsa Ines Martinez, Esquire, Law Offices of Elsa Martinez, PLC, Los Angeles, CA, for Petitioner.

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Andrew Nathan O'Malley, Trial, Oil, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOULD and BERZON, Circuit Judges, and ZOUHARY,\*\* District Judge.

MEMORANDUM \*\*\*

Alejandro Baez–Orozco challenges the decision of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's denial of his application for adjustment of status. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

The BIA reasonably concluded Baez's prior drug convictions retained their immigration consequences because they were expunged under a rehabilitative statute, Cal.Penal Code § 1210.1. *See Ramirez-Castro v. INS,* 287 F.3d 1172, 1174 (9th Cir.2002) ("For immigration purposes, a person continues to stand convicted of an offense notwithstanding a later expungement under a state's rehabilitative law."). The statute under which Baez obtained relief requires completion of a drug treatment program and substantial compliance with the conditions of probation, and leaves in place a number of civil disabilities. Although Baez's convictions were

---

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

dismissed, that dismissal "does not reflect a judgment about the merits of the underlying adjudication of guilt." *In re Marroquin–Garcia*, 23 I. & N. Dec. 705, 713–14 (BIA 1997, A.G.2005).

Baez also fails to distinguish Cal.Penal Code § 1210.1 from a similar statute this Court has previously recognized as rehabilitative, Cal.Penal Code § 1203.4. *See Ramirez–Castro*, 287 F.3d at 1175–76; *see also Marroquin–Garcia*, 23 I. & N. Dec. at 713–14. Because Baez continues to stand convicted of his offenses for immigration purposes, he was properly found ineligible for a status adjustment.

**DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.